UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHANNA MOSBY,

        Plaintiff,                  CIVIL ACTION NO. 16-cv-12007

   v.                               DISTRICT JUDGE JUDITH E. LEVY

COMMISSIONER OF             MAGISTRATE JUDGE MONA K. MAJZOUB
SOCIAL SECURITY,

        Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Johanna Mosby seeks judicial review of Defendant Commissioner of Social Security's determination that she is not entitled to social security benefits for her mental and physical impairments under 42 U.S.C. § 405(g). (Docket no. 1.) Before the Court are Plaintiff's Motion for Summary Judgment (docket no. 15) and Defendant's Motion for Summary Judgment (docket no. 17). The motions have been referred to the undersigned for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). (Docket no. 2.) The Court has reviewed the pleadings, dispenses with a hearing pursuant to Eastern District of Michigan Local Rule 7.1(f)(2), and issues this Report and Recommendation.

I.     RECOMMENDATION

For the reasons that follow, it is recommended that Plaintiff's Motion for Summary Judgment (docket no. 15) be **DENIED** and Defendant's Motion for Summary Judgment (docket no. 17) be **GRANTED**.

## II.   PROCEDURAL HISTORY

Plaintiff protectively filed applications for a period of disability and disability insurance benefits on January 17, 2014, and for supplemental security income on January 21, 2014, alleging that she has been disabled since July 28, 2013. (TR 18, 58–61.) The Social Security Administration denied Plaintiff's claims on February 25, 2014, and Plaintiff requested a *de novo* hearing. (TR 82–91.) On March 31, 2015, Plaintiff appeared with a representative and testified at the hearing before Administrative Law Judge (ALJ) Dawn M. Gruenburg. (TR 33–57.) In an April 17, 2015 decision, the ALJ found that Plaintiff was not entitled to benefits because she was capable of performing her past relevant work as a bookkeeper, as it was actually and generally performed. (TR 25.) The ALJ found, in the alternative, that Plaintiff was also capable of performing a significant number of other jobs in the national economy, including an order clerk and a surveillance monitor. (TR 25–26.) The Appeals Council declined to review the ALJ's decision (TR 1–6), and Plaintiff commenced this action for judicial review. The parties then filed cross motions for summary judgment, which are currently pending before the Court.

## III.   HEARING TESTIMONY AND MEDICAL EVIDENCE

Plaintiff (docket no. 15 at 3–7) and the ALJ (TR 20–21, 23–26) each set out a detailed, factual summary of Plaintiff's medical record and the hearing testimony. Defendant adopts the ALJ's recitation of the facts. (Docket no. 17 at 4.) Having conducted an independent review of Plaintiff's medical record and the hearing transcript, the undersigned finds that there are no material inconsistencies between Plaintiff's and the ALJ's recitations of the record. Therefore, the undersigned will incorporate the factual recitations by reference. Additionally, the undersigned will include comments and citations to the record as necessary throughout this Report and Recommendation.

### IV.     ADMINISTRATIVE LAW JUDGE'S DETERMINATION

The ALJ found that Plaintiff met the insured status requirements of the Social Security Act through December 31, 2017; that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of July 28, 2013; and that Plaintiff suffered from the following severe impairments: cervical spine disorder, carpal tunnel syndrome, peripheral neuropathy, diabetes mellitus, migraine headache, joint disorder—bilateral knees, right shoulder osteoarthritis, and obesity.  (TR 20.)  The ALJ also found that Plaintiff had a history of affective disorder, and suffered from hypertension, hyperlipidemia, hypoglycemia, and chest pain, but that these were not severe impairments.  (TR 21.)  Next, the ALJ found that Plaintiff's impairments did not meet or medically equal the severity of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.  (TR 18.)  The ALJ then found that Plaintiff had the following RFC:

> [T]he claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except that she will need a cane to ambulate and the opportunity to sit and stand at 15 minute intervals.  She can occasionally climb stairs but never ladders.  She can occasionally balance, stoop, and crouch, but she is unable to kneel or crawl.  She can occasionally push and pull with the lower extremities, including foot pedals.  She is limited to frequent handling and fingering and can frequently reach over should height with the dominant upper extremity.

(TR 20.)   Subsequently, in reliance on the vocational expert's (VE's) testimony, the ALJ determined that Plaintiff was capable of performing her past relevant work as a bookkeeper as generally performed.  (TR 25.)  The ALJ found, in the alternative, that Plaintiff was also capable of performing a significant number of jobs in the national economy.  (TR 26.)  Therefore, the ALJ found that Plaintiff was not disabled under the Social Security Act at any time from July 28, 2013, through the date of the ALJ's decision.  (TR 26.)

### V.     LAW AND ANALYSIS

### A. Standard of Review

Pursuant to 42 U.S.C. § 405(g), this Court has jurisdiction to review the Commissioner's final decisions. Judicial review of the Commissioner's decisions is limited to determining whether his findings are supported by substantial evidence and whether he employed the proper legal standards. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997). Substantial evidence is more than a scintilla but less than a preponderance; it is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson*, 402 U.S. at 401 (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Walters*, 127 F.3d at 528. It is not the function of this Court to try cases *de novo*, resolve conflicts in the evidence, or decide questions of credibility. *See Brainard v. Sec'y of Health and Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, the court must examine the administrative record as a whole. *See Kirk v. Sec'y of Health and Human Servs.*, 667 F.2d 524, 536 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). If the Commissioner's decision is supported by substantial evidence, it must be affirmed, even if the reviewing court would decide the matter differently, *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983), and even if substantial evidence also supports the opposite conclusion. *See Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389-90 (6th Cir. 1999); *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (en banc) (noting that the substantial evidence standard "presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference by the courts").

### B. Framework for Social Security Determinations

Plaintiff's Social Security disability determination was made in accordance with a five-step sequential analysis. In the first four steps, Plaintiff was required to show that:

(1) Plaintiff was not presently engaged in substantial gainful employment; and

(2) Plaintiff suffered from a severe impairment; and

(3) the impairment met or was medically equal to a "listed impairment;" or

(4) Plaintiff did not have the residual functional capacity (RFC) to perform relevant past work.

*See* 20 C.F.R. § 404.1520(a)-(f). If Plaintiff's impairments prevented Plaintiff from doing past work, the Commissioner, at step five, would consider Plaintiff's RFC, age, education, and past work experience to determine if Plaintiff could perform other work. If not, Plaintiff would be deemed disabled. *See id.* at § 404.1520(g). The Commissioner has the burden of proof only on "the fifth step, proving that there is work available in the economy that the claimant can perform." *Her*, 203 F.3d at 391. To meet this burden, the Commissioner must make a finding "supported by substantial evidence that [the claimant] has the vocational qualifications to perform specific jobs." *Varley v. Sec'y of Health and Human Servs.,* 820 F.2d 777, 779 (6th Cir. 1987). This "substantial evidence" may be in the form of vocational expert testimony in response to a hypothetical question, "but only 'if the question accurately portrays [the claimant's] individual physical and mental impairments.'" *Id.* (citations omitted).

    **C.**    **Analysis**

The Social Security Act authorizes "two types of remand: (1) a post judgment remand in conjunction with a decision affirming, modifying, or reversing a decision of the [Commissioner] (a sentence-four remand); and (2) a pre-judgment remand for consideration of new and material evidence that for good cause was not previously presented to the [Commissioner] (a sentence-six

remand)." *Faucher v. Sec'y of Health and Human Servs.*, 17 F.3d 171, 174 (6th Cir. 1994) (citing 42 U.S.C. § 405(g)). Under a sentence-four remand, the Court has the authority to "enter upon the pleadings and transcript of the record, a judgment affirming, denying, or reversing the decision of the [Commissioner], with or without remanding the cause for a hearing. 42 U.S.C. § 405(g). Where there is insufficient support for the ALJ's findings, "the appropriate remedy is reversal and a sentence-four remand for further consideration." *Morgan v. Astrue*, 10-207, 2011 WL 2292305, at *8 (E.D. Ky. June 8, 2011) (citing *Faucher*, 17 F.3d at 174).

Plaintiff asserts that this matter should be reversed and remanded under sentence four for an award of benefits, or in the alternative remanded for "further development of the record," because, Plaintiff argues, 1) the ALJ "committed legal error by finding that Plaintiff could perform sedentary work," 2) the ALJ's decision "is not supported by substantial evidence," and 3) the ALJ's "credibility determination was made without considering how Plaintiff's non-exertional impairments impacted on her testimony." (Docket no. 15 at 8, 11, 13–14.)

*1.     The ALJ did not commit legal error by crediting the testimony of the VE.*

In her first argument, Plaintiff contends that the ALJ erred because the ALJ "failed to consider the opinions of Plaintiff's treating physicians which give precedent over a vocational expert's opinion." (Docket no. 15 at 11.) In other words, Plaintiff contends that the ALJ erred by crediting the testimony of the VE and by discounting the testimony of her treating physician, Navin Raj, M.D.[1]  Plaintiff's argument fails for a number of reasons.

First, as Defendant points out, the ALJ did not credit the VE's testimony *instead of* Dr. Raj's opinion. The two opinions apply to different steps of the sequential process, and are

---

[1] Plaintiff does not specifically identify which "opinions of Plaintiff's treating physicians" that the ALJ allegedly failed to properly credit. (*See* docket no. 15 at 8–11.) Dr. Raj's opinion is, however, the only physician's opinion that the ALJ discusses in her decision. (TR 24.)

6

simply not comparable. The ALJ did not rely upon the VE's testimony to formulate Plaintiff's RFC; the ALJ relied upon the VE's testimony to determine whether there are jobs available in the national economy for a person with Plaintiff's RFC.

Moreover, Dr. Raj assessed Plaintiff with having greater functional abilities than were assessed by the ALJ, so it was to the Plaintiff's benefit that the ALJ discounted Dr. Raj's opinion. The ALJ limited Plaintiff to sedentary work, which "involves lifting no more than 10 pounds at a time." 20 C.F.R. § 404.1567(a). Dr. Raj found that Plaintiff was capable of lifting up to 25 pounds "occasionally," or up to 1/3 of an 8-hour workday. (TR 333.) Dr. Raj also found that Plaintiff could stand and/or walk *at least* two hours in an 8-hour walk day, had no limitations for sitting, and did not require the use of an "assistive device . . . for ambulation." (*Id.*) The ALJ, found, by contrast, that Plaintiff *did* require the use of a cane and would need to sit and stand at 15 minute intervals. (TR 22.) Finally, the ALJ limited Plaintiff's ability to reach to "the dominant upper extremity," while Dr. Raj found that Plaintiff could reach with both hands/arms. (TR 24, 333.) The ALJ gave Dr. Raj's opinion "little weight," finding that it "is inconsistent with the objective evidence of record," and specifically noting that "the claimant requires a cane to ambulate." (TR 24.) The undersigned presumes that Plaintiff does not object to the ALJ's determination that Plaintiff had less capacity for lifting, sitting, and walking without assistance than was indicated by Dr. Raj's assessment.

Finally, the ALJ did not err in relying on the testimony of the VE. It is undisputed that the ALJ was qualified to testify as an expert concerning the availability of jobs for a person with Plaintiff's RFC. At the administrative hearing, Plaintiff's former counsel did not object to the VE testifying as an expert (TR 37), and Plaintiff does not challenge the VE's qualifications in this appeal. (*See* docket no. 15.)

Plaintiff's argument that the ALJ committed "legal error" by failing "to consider the opinions of Plaintiff's treating physicians which give precedent over a vocational expert's opinion" (*id.* at 11) is unfounded and reflects a misunderstanding of the role of the VE vis-à-vis treating physicians. Plaintiff's Motion should be denied in this regard.

2. *The ALJ's decision is supported by substantial evidence.*

In her second argument, Plaintiff contends that the ALJ's decision is not supported by substantial evidence because the ALJ erred in his credibility determination and because the ALJ did not properly credit the Adult Third Party Function Report completed by Plaintiff's daughter, Caprice Jasmine King.[2] (Docket no. 15 at 11–12.) The ALJ's assessment of Plaintiff's credibility (with which the undersigned finds no error) is addressed in the next section of this opinion. As for the ALJ's assessment of Ms. King's report, the administrative decision provides:

> Ms. King stated that the claimant was unable to stand for long periods of time or hold heavy objects. She further endorsed that the claimant was limited to lifting seven pounds with the left hand and that "squatting, bending, standing, kneeling, walking and climbing stairs hurt her knees." This opinion does not establish disability in the claimant because Ms. King is not medically trained to make exacting observations as to dates, frequencies, type and degrees of medical signs and symptoms, or the frequency or intensity of unusual moods or mannerisms. The undersigned afforded greater weight to the opinions and observations of medical providers in this case.

---

[2] Plaintiff also argues that:

> [A]ll of the Administrative Law Judges in Livonia, Michigan have owed our office in majority cases [sic] involving individuals under age 55 and have consistently made adverse credibility determinations because they lack the ability to understand the real lives of the claimants. They tend to make adverse decisions solely based on the age of the claimant's [sic] since they are considered younger individuals. However, every case is different, every claimant is different and just because a claimant is considered a younger individual does not mean that they are not disabled and have the abilities [sic] to work.

(Docket no. 15 at 12–13.) Plaintiff offers no real support or basis for this argument or for the proposition that the resolution of other claims is relevant to the resolution of her claim. The undersigned will therefore not address this argument further.

(TR 24–25.)

Pursuant to 20 C.F.R. § 404.1513, an ALJ "'may . . . use evidence from other sources,'" such as Ms. King, "but there is no requirement that the ALJ do anything more than consider the other source evidence." *Mullins v. Comm'r of Soc. Sec.*, No. 2:14-CV-13288, 2015 WL 3441163, at *13 (E.D. Mich. May 28, 2015) (quoting 20 C.F.R. § 404.1513)). Here, it is clear that the ALJ complied with her legal obligation to consider Ms. King's report. Moreover, as Defendant points out, Ms. King's report is at odds with Dr. Raj's report. Specifically, Ms. King wrote that Plaintiff can only lift up seven pounds with her left hand (TR 175), while Dr. Raj found that Plaintiff could lift up to 25 pounds, without limiting his opinion to one side of Plaintiff's body (TR 333.) The inconsistency with Dr. Raj's opinion is significant because the "testimony of lay witnesses . . . is entitled to perceptible weight only if it is fully supported by the reports of the treating physicians." *Simons v. Barnhart*, 114 Fed. App'x 727, 733 (6th Cir. 2004) (citing *Lashley v. Sec'y of Soc. Sec.*, 708 F.2d 1048, 1054 (6th Cir. 1983)).

Plaintiff briefly argues that the ALJ "should have ordered an Independent Medical Examination for Plaintiff to determine the severity of her medical condition." This argument should be rejected, because pursuant to 20 C.F.R. § 404.1517, the ALJ has discretion to determine whether additional evidence is necessary. *See id.* ("If your medical sources cannot or will not give us sufficient medical evidence about your impairment for us to determine whether you are disabled or blind, *we may ask* you to have one or more physical or mental examinations or tests." (emphasis added)); *see also Foster v. Halter*, 279 F.3d 348, 355 (6th Cir. 2001) ("An ALJ has discretion to determine whether further evidence, such as additional testing or expert testimony, is necessary.") Plaintiff does not develop an argument or point to any evidence

9

showing that the ALJ abused her discretion in not requesting an independent medical examination.

In sum, the undersigned finds no error in the ALJ's assessment of Ms. King's report, or the ALJ's decision not to request an independent medical exam. Plaintiff's Motion should be denied in this regard. The ALJ's assessment of Plaintiff's credibility is addressed below.

   3. *The ALJ's assessment of Plaintiff's credibility is not erroneous.*

Plaintiff also argues that the ALJ erred in assessing Plaintiff's credibility. "[A]n ALJ's findings based on the credibility of the applicant are to be accorded great weight and deference, particularly since an ALJ is charged with the duty of observing a witness's demeanor and credibility." *Walters v. Comm'r*, 127 F.3d 525, 531 (6th Cir. 1997). But credibility assessments are not insulated from judicial review. Despite the deference that is due, such a determination must nevertheless be supported by substantial evidence. *Id.* An ALJ's credibility determination must contain "specific reasons . . . supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight." SSR 96-7p.[3] "It is not sufficient to make a conclusory statement that 'the individual's allegations have been considered' or that 'the allegations are (or are not) credible.'" *Id.* "[T]he adjudicator may find all, only some, or none of an individual's allegations to be credible" and may also find the statements credible to a certain degree. *Id.*

---

[3] SSR 96-7p has been superseded by SSR 16-3p, effective March 28, 2016. *See* SSR 16-3p, 2016 WL 1119029, at *1; 2016 WL 1237954. Nevertheless, because the ALJ's decision in this matter was rendered prior to the effective date of SSR 16-3p, the ALJ was obligated to comply with SSR 96-7p. *See Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 652 (6th Cir. 2006) ("The Act does not generally give the SSA the power to promulgate retroactive regulations."); *see also Murphy v. Comm'r of Soc. Sec.*, No. 1:15-cv-126, 2016 WL 2901746, at *8 n.6 (E.D. Tenn. May 18, 2016) (citations omitted) (concluding SSR 16-3p should not be retroactively applied).

Further, to the extent that the ALJ found that Plaintiff's statements are not substantiated by the objective medical evidence in the record, the Regulations explicitly provide that "we will not reject your statements about the intensity and persistence of your pain or other symptoms or about the effect of your symptoms have on your ability to work solely because the available objective medical evidence does not substantiate your statements." 20 C.F.R. §§ 404.1529(c)(2), 416.929(c)(2). The ALJ will consider: (1) the claimant's daily activities, (2) the location, duration, frequency, and intensity of the claimant's pain or other symptoms, (3) precipitating and aggravating factors; (4) the type, dosage, effectiveness, and side effects of any medication taken to alleviate pain or other symptoms, (5) treatment, other than medication, for symptom relief, (6) any measures used to relieve the symptoms, and (7) functional limitations and restrictions due to the pain or other symptoms. 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3); SSR 96-7p; *see also Felisky v. Brown*, 35 F.3d 1027, 1039–40 (6th Cir. 1994) (applying these factors). Nevertheless, "[i]t is well established that the ALJ is not required to discuss every factor or conduct a factor-by-factor analysis." *Pratt v. Comm'r of Soc. Sec.*, No. 1:12-cv-1084, 2014 WL 1577525, at *3 (W.D. Mich. Apr. 21, 2014) (collecting cases).

In this case, the ALJ found that Plaintiff's medically determinably impairments "could reasonably be expected to cause some of the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible for the reasons explained in this decision." (TR 23.) Plaintiff challenges this finding, arguing:

> In making her credibility determinations, the Administrative Law Judge failed and neglected to make specific findings and failed to consider the impact of the non-exertional impairments on Plaintiff's ability to function. For example, there was no discussion about Plaintiff's mental abilities or any other medical conditions as it related to her ability to deal with her chronic pain, nor was there a discussion

about her medications and the effect of her medications on her motivation to work.

(Docket no. 15 at 13.) Plaintiff's arguments fail.

Contrary to Plaintiff's assertion, the ALJ does give specific reasons to discount Plaintiff's credibility. First, the ALJ clearly explains that the results of Plaintiff's physical examinations in December 2013 and January 2015 were "largely normal," and that "[d]iagnostic testing has revealed . . . minimal findings," specifically highlighting a 2014 lumbar MRI which "showed that the spinal canal was not stenosed, bilateral neural foramen are not significantly stenosed, and no compression fracture or bone marrow edema in the entire lumbar spine and sacrum," and a December 2013 x-ray, which "revealed no acute osseous abnormalities and very mild right acromioclavicular joint osteoarthritis." (TR 24 (citing Ex. 12F, pg. 1; Ex. 4F, pg. 5)). The ALJ then discussed how "conservative pharmacological treatment has managed the claimant's complaints of pain," noting how Plaintiff testified that her medication "helps her symptoms," and how Plaintiff "reported that physical therapy resulted in a temporary decrease[] in pain." (TR 24.) The ALJ also discussed how Plaintiff's reported daily activities—including cleaning her bathroom twice a week and preparing meals—"suggest a greater ability to lift and carry than the claimant's subjective allegations of pain and dysfunction would indicate." (TR 24.)

In addition, while the ALJ did not expressly discuss Plaintiff's mental health issues in her discussion of Plaintiff's credibility, it is clear that the ALJ did, in fact, consider these issues. (*See* TR 25.) The ALJ gave "great weight" to the State agency psychological consultants' mental assessments, finding that these assessments are "consistent with the record as a whole." (*Id.*) Edward Czarnecki, Ph.D., found that Plaintiff had a "non-severe" affective disorder, which had only a "mild" effect on her activities of daily living and on her ability to maintain social

functioning, concentration, persistence, and pace. (TR 65.) Dr. Czarnecki explained that Plaintiff's medical records "mention[] depression 01/14 and the clmt started taking Lexapro 2/13," but that "[n]eurology records 01/14–02/14 mention no mood or cognitive problems or complaints." He further explains that Plaintiff's activities of daily living "describe limitations secondary to pain and the physical problems," and that Plaintiff "is able to drive, shop, go out alone, manage her finances, follow instructions and pay attention as pain allows." (TR 65.) He states that Plaintiff "may have some mild depression associated with pain and her physical limitations as well as some distractibility due to chronic pain but there is no evidence of significant mental functional limitations and the mental impairment is not severe." (*Id.*) Plaintiff does not highlight any evidence to contradict the opinion of Dr. Czarnecki or to show how Plaintiff's medication/mental health issues would affect her ability to work.

In other words, the ALJ properly cited to the evidence in the record that explains her reasons for not finding Plaintiff's statements regarding the extent of her disability to be entirely credible, in accordance with the ALJ's duty under SSR 96-7p. Plaintiff does not point to any evidence to contradict the ALJ's findings. Thus, the ALJ's decision is sufficiently specific to make clear to Plaintiff and to the court the weight that she gave to Plaintiff's statements and the reasons for that weight. The ALJ's assessment of Plaintiff's credibility is supported by substantial evidence and should not be disturbed. Plaintiff's Motion should be denied in this regard.

## VI. CONCLUSION

For the reasons stated herein, the Court should **DENY** Plaintiff's Motion for Summary Judgment (docket no. 15) and **GRANT** Defendant's Motion for Summary Judgment (docket no. 17).

**REVIEW OF REPORT AND RECOMMENDATION**

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Rule 72.1(d)(2) of the *Local Rules of the United States District Court for the Eastern District of Michigan*, a copy of any objection must be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

Dated: July 28, 2017         s/ Mona K. Majzoub
                             MONA K. MAJZOUB
                             UNITED STATES MAGISTRATE JUDGE

**PROOF OF SERVICE**

I hereby certify that a copy of this Report and Recommendation was served upon counsel of record on this date.

Dated: July 28, 2017         s/ Lisa C. Bartlett
                             Case Manager